# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Joseph Wade Allen Smith*
Case No. 3:19-cr-00066-TMB-MMS-1

By:  THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:  ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Joseph Wade Allen Smith's Motion for Early Termination of Supervised Release (the "Motion").[1] Plaintiff United States of America (the "Government") opposes the Motion on jurisdictional grounds;[2] the United States Probation and Pretrial Services ("USPO") office in Oklahoma, where Smith resides, has a policy not to recommend early termination.[3] This matter is ripe for resolution.

Smith moves for early termination of his supervised release, explaining that he "is currently working" and wishes to "seek training for a commercial driver's license (CDL)."[4] Smith contends that "[u]nder the[se] circumstances early termination seems appropriate."[5]

The Government recommends that the Court deny the Motion without prejudice, arguing that the Court lacks jurisdiction over this matter because it transferred jurisdiction over Smith to the Western District of Oklahoma—which accepted jurisdiction—in 2022.[6] And even if the Court had jurisdiction, the Government contends, the Western District of Oklahoma is the more suitable venue because it is "better equipped to evaluate the merits" of the Motion.[7]

18 U.S.C. § 3583(e)(1) allows a court—after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Having reviewed the briefing in this matter, the Court finds that it lacks jurisdiction to entertain the Motion. Pursuant to 18 U.S.C. § 3605, a district court that has sentenced a criminal defendant may transfer jurisdiction over the defendant "to the district court for any other district to which the person is required to proceed as a condition of . . . probation or [supervised release], or is permitted

---

[1] Dkt. 359 (Motion).
[2] Dkt. 364 (Response).
[3] *See* Dkt. 359 at 1.
[4] *Id.* at 2.
[5] *Id.*
[6] Dkt. 364 at 2.
[7] *Id.*

to proceed, with the concurrence of [the transferee] court." "Under this statutory structure, the transferee court steps into the shoes of the transferor court."[8] In other words, Congress "intended . . . the transferee court to take full jurisdiction from the transferor court."[9] Because the Western District of Oklahoma has full jurisdiction over Smith, the Court no longer has authority to consider the Motion.

Accordingly, the Court **DENIES** the Motion at Docket 359 **without prejudice**. If Smith wishes to file another motion for early termination of supervised release, he is directed to do so in the proper venue.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 12, 2023.

---

[8] *United States v. King*, 608 F.3d 1122, 1127 (9th Cir. 2010).
[9] *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004).